IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN R. KOLTHOFF,**

    **Petitioner,**

   v.          CASE NO.  08-3032-RDR

**NEIL H. ADLER,**

    **Respondent.**

<u>**O R D E R**</u>

   This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed by an inmate of the Taft Federal Prison Camp, Taft, California.  Petitioner claims he is being "unlawfully held."  As supporting facts, he alleges that on November 1, 2006, he was sentenced upon his plea of guilty in the United States District Court for the District of Kansas to a federal term of 18 months, to be served concurrently to a state sentence imposed in the Superior Court of Arizona Case No. 88-05148, plus 2 years supervised release and a $100 assessment[1].  It appears this conviction and sentence are currently on direct appeal to the Tenth Circuit.

   The court finds it does not have jurisdiction over petitioner's current custodian Neil H. Adler, Warden, CI-Taft, named as respondent here.  A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be filed in the federal district within which the petitioner is confined.  Petitioner will be given time to show

---

  [1] The docket sheet in this case indicates petitioner was found guilty of possession of firearms by a prohibited person in violation of 18 U.S.C. § 922(g).  <u>USA v. Kolthoff</u>, 05-cr-40043-JAR-1.

cause why this action should not be dismissed for lack of jurisdiction.

The court further finds that, even if it is shown to have jurisdiction, petitioner has not shown exhaustion of administrative remedies within the Bureau of Prisons. Petitioner did not answer the questions in his form petition regarding exhaustion. He was previously advised by this court that exhaustion is generally required before challenges to the execution of a federal sentence may be raised in federal court.[2] He is required and will be given time to show that he has exhausted all available administrative remedies within the Bureau of Prisons, or that such remedies are not available.

Moreover, the court finds the grounds alleged for this action are not at all clear. As supporting facts, petitioner alleges the Arizona court ruled that his state sentence should run concurrent with his federal sentence, and the federal judge ruled that his federal sentence should run concurrent with his Arizona sentence. He also alleges he was in federal custody "Jan. 06 to Nov. 06" and complains this time was not applied "by BOP." However, he does not explain how this supports his claim that he is being illegally detained. At the same time, petitioner alleges he has been in custody 24 months on an 18 month sentence, but does not provide the dates or place of this confinement. He marks in his petition that

---

[2] Petitioner was informed of this requirement in a prior habeas action he filed challenging the execution of this sentence. See Kolthoff v. U.S. Marshal, 07-3196 (Sept. 20, 2007).

2

he is "presently serving a sentence imposed for a conviction other than the conviction or sentence under attack." Thus, it is not even clear that petitioner is currently in custody on his federal sentence.

If petitioner is claiming that he did not receive credit against his Arizona state sentence for time spent in federal custody, he must raise that claim in the state courts in Arizona. If he is currently serving his federal sentence and claims it is being illegally executed, he must raise his claims in the federal court in the district in which he is confined.

The court requires petitioner to file a Supplement to his Petition showing this court has jurisdiction, showing full exhaustion of BOP remedies, and stating facts in support of his claim that he is being illegally detained. Those facts must include what sentence he is presently serving, and what time he has remaining on his federal sentence imposed in the District of Kansas, or if he has been released from that federal sentence. He must also state the dates and locations of his confinement on his federal sentence, which leads him to claim he has served his sentence.

If petitioner does not supplement his Petition as directed in the time allotted herein, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner's Applications to Proceed in forma pauperis (Docs. 2,3) are granted.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30)

days to file a Supplement to his Petition in which he shows cause why this action should not be dismissed for lack of jurisdiction over his custodian, shows full exhaustion of administrative remedies within the Bureau of Prisons, and alleges additional facts to state a claim of federal constitutional violation.

**DATED:** This 12th day of February, 2008, at Topeka, **Kansas.**

s/RICHARD D. ROGERS
United States District Judge